UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

THE HILB GROUP OF NEW YORK, LLC,

                         *Plaintiff*,    **REPORT & RECOMMENDATION**

    -against-

                                            22-CV-4131 (JMA) (ST)

ASSOCIATED AGENCIES, INC. and
GREGORY RING,

                         *Defendants*.
------------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

Before this Court is a motion by The Hilb Group Of New York, LLC (the "Plaintiff") for leave to amend their Amended Complaint to include claims alleging misappropriation of trade secrets in violation of the Defend Trade Secrets Act (the "DTSA") (18 U.S.C. § 1836 *et seq*.) and New York law. For the reasons discussed below, I respectfully recommend that Plaintiffs' motion to amend be DENIED.

**FACTUAL BACKGROUND**[1]

Plaintiff is an employee group benefits brokerage that works with businesses to provide custom insurance and risk management programs. Pl. Br. Ex. B at ¶ 20, ECF No. 46-2. Plaintiff's predecessor, Rampart, hired Gregory Ring as a Sales Associate in January 2015. *Id* at ¶¶ 28. As part of his duties, Ring created relationships with new and existing customers, brokering the sale

---

[1] This statement of facts is limited to only facts necessary to decide this motion to amend. Plaintiff's complaint contains multiple claims and so contains numerous factual allegations unnecessary to the instant motion.

1

of insurance and other products. *Id* at ¶ 29. Plaintiff later acquired nearly all of Rampart's assets and Ring entered into an employment agreement with Plaintiff. *Id* at ¶¶ 31-33. In or around June 2022, Ring began negotiating employment with Associated Agencies, Inc. *Id* at 77. Ring and Associated Agencies, Inc are collectively referred to as "Defendants" herein. Before departing Plaintiff's employment, Ring took screenshots of a customer database displaying such information as "customer's policy amounts, carriers, renewal dates, and other information . . . ." *Id* at 88. Plaintiff claims those screenshots contain trade secrets which Ring then brought to his new role with Associated Agencies, Inc. Plaintiff's original complaint alleged four causes of action, which was subsequently amended to five. *See* Pl. Comp., ECF No. 1; Pl. Am. Compl., ECF No. 19. Plaintiff then filed a motion seeking leave to file a Second Amended Complaint adding claims for misappropriation of trade secrets pursuant to state and federal law. *See* Pl. Mot. to Am., ECF No. 46. Defendants opposed.

## LEGAL STANDARDS

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure (the "FRCP"), after a party has amended once as a matter of course, or after the window for amendments as a matter of course has closed "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011); Thus, "Federal Rule of Civil Procedure 15(a) dictates that motions to amend complaints be liberally granted absent a good reason to the contrary . . . ." *Assam v. Deer Park Spring Water, Inc.,* 163 F.R.D. 400, 404 (E.D.N.Y. 1995).

"[M]otions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *accord McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200-01 (2d Cir. 2007). "The party opposing amendment bears the burden of demonstrating good reason for denial." *Debrosse v. City of New York*, 2016 WL 3647589, at *2 (E.D.N.Y. May 25, 2016) (citing *Speedfit, LLC v. Woodway USA, Inc.*, 2015 WL 6143697, at *3 (E.D.N.Y. Oct. 19, 2015)), *adopted by*, 2016 WL 3647590 (E.D.N.Y. June 30, 2016).

"An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (citation omitted). Following *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must consider whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Under this heightened standard of pleading, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).

"In determining whether to grant leave to amend, the Court must accept the moving party's non-conclusory factual pleadings and draw all reasonable inferences in that party's favor, 'to determine whether the allegations plausibly give rise to an entitlement to relief.'" *Heinz-Wright v.*

3

*City of New York*, 2016 WL 3627323, at *4 (E.D.N.Y. June 3, 2016) (quoting *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012)), *adopted by*, 2016 WL 3620759 (E.D.N.Y. June 29, 2016); *see also Konrad v. Epley,* 2013 WL 6200009, at *20 (E.D.N.Y. July 31, 2013), *adopted by,* 2013 WL 6200009 (E.D.N.Y. Nov. 25, 2013). Whether to allow a party to amend its complaint is left to the discretion of the Court. *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir. 1993).

## DISCUSSION

### I.     Plaintiff May Rely on Phase 1 Discovery Submissions.

Defendants object to Plaintiff's motion to amend on the grounds that the documents Plaintiff relies on were submitted during Phase 1 Discovery for the purpose of settlement negotiations. Def. Opp. Br. at 1 n. 1, ECF No. 48. At a telephonic motion hearing conducted on March 7, 2023, the Court recommended that Plaintiff may rely on such documents, but the Court shall reiterate its recommendation here for the sake of clarity. *See* Min. Order, ECF No. 49.

As stated at the March 7 hearing, this Court requires litigants to divide Discovery into several phases, the first of which being "information that parties believe needs to be exchanged before a reasoned settlement discussion can take place." Individual Practice R. of Magistrate J. Tiscione R. II.A. The Court requires this in the interest of promoting settlements in an attempt to efficiently resolve disputes without the need for trial pursuant to this Court's obligations under FRCP Rule 1. *See In re Tobacco Litig.*, 192 F.R.D. 90, 95 (E.D.N.Y. 2000) (describing the Court's "duty to take affirmative action assisting the parties in all possible settlement options").

However, nothing in this Court's individual rules or any other source can be read to limit the use of Phase 1 Discovery submissions to settlement negotiations. Indeed, as Plaintiff points

4

out in its briefing, such submissions remain in Discovery after Phase 1 has been completed. Pl. Br. at 2, ECF No. 46. While this motion has been pending, the parties have continued into later phases of Discovery all while Defendants' Phase 1 submissions remain. Plaintiffs are thus entitled to rely on such submissions in filing this motion.

### II.     Allowing Plaintiffs to Amend the Complaint Would be Futile.

FRCP Rule 15(a) "dictates that motions to amend complaints be liberally granted absent a good reason to the contrary . . . ." *Assam.,* 163 F.R.D. at 404. Defendants argue that Plaintiff cannot meet the Rule 15(a) standard because amending would be futile. Def. Br. at 2, ECF No. 48. According to Defendants, Plaintiff's proposed Second Amended Complaint would not survive a 12(b)(6) motion to dismiss for failure to state a claim because Plaintiff has failed to adequately allege the existence of a "trade secret" under the DTSA or New York law. *Id*; *see also Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002).

The standards to determine what qualifies as a trade secret under the DTSA and New York law are substantively the same. *ExpertConnect, L.L.C. v. Fowler*, 2019 WL 3004161, at *6 (S.D.N.Y. July 10, 2019). "A trade secret is any formula, pattern, device or compilation of information which is used in one's business, and which gives the owner an opportunity to obtain an advantage over competitors who do not know or use it." *N. Atl. Instruments, Inc. v. Haber*, 188 F.3d 38, 44 (2d Cir. 1999) (internal quotations and modifications omitted). This Court traditionally looks to a number of factors in making this determination, including:

> (1) the extent to which the information is known outside of the business; (2) the extent to which it is known by employees and others involved in the business; (3) the extent of measures taken by the business to guard the secrecy of the information; (4) the value of the information to the business and its competitors; (5) the amount of effort or money expended by the business in developing the information; (6) the ease or difficulty with which the information could be properly acquired or duplicated by others. *Id*; *see also Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 556 (E.D.N.Y. 1995).

"The single most important factor in determining whether particular information is a trade secret is whether the information is kept secret." *Ivy Mar Co.*, 907 F. Supp. at 556. "Though the question of whether proprietary information qualifies as a trade secret is ordinarily a question of fact not resolvable on a motion to dismiss, courts dismiss claims involving trade secrets where it is clear that the information at issue is not actually secret or there is no discernible economic value from that information not being generally known." *Catalyst Advisors, L.P. v. Catalyst Advisors Invs. Glob. Inc.*, 602 F.Supp.3d 663, 674 (S.D.N.Y. 2022) (citing *Zirvi v. Flatley*, 433 F. Supp. 3d 448, 465 (S.D.N.Y. 2020).

As to the secrecy of the information at issue here, Plaintiff admits in its briefing that—of the "confidential and non-public" information contained in the screenshots—only the annual premiums paid to Plaintiff and the commission paid to Defendant Ring are not known to the clients themselves. *See* Pl. Reply. Br. at 2, ECF No. 52. In response, Defendants assert that the screenshots do not contain commission amounts paid to Defendant Ring at all, and instead only list "the total amount that the customer paid to the carrier for each policy." Def. Surreply Br. at 1, ECF No. 53. The column names in the screenshots submitted with this motion are cut off, and so the Court is not able to determine precisely what the monetary amounts listed are in reference to. Pl. Reply. Br. Ex. 1 at 8, ECF No. 52-1. Ultimately, the Court need not answer this question, nor would making such a factual determination be proper at this stage. *Heinz-Wright*, 2016 WL 3627323 at *4. Regardless of what the screenshots indicate, Plaintiff has failed to allege that these screenshots contained commission information or premiums in the proposed Second Amendment Complaint. Instead, Plaintiff merely asserts that the screenshots contained "customer's policy amounts, carriers, renewal dates, and other information. . . ." Pl. Br. Ex. B at ¶ 88, ECF No. 46-2.

While the complaint does allege that such information was not available to Plaintiff's customers, such a conclusory allegation, standing alone, cannot sufficiently establish the information's status as a trade secret. Plaintiff has presented no facts or arguments showing that its customers would not be aware of the "policy amounts, carriers, [and] renewal dates" of the very policies they purchased. *Id.* Absent such facts, there is no basis to conclude that Plaintiff's customers would not know the basic elements of their own policies, meaning the Court cannot conclude that such information is confidential and known only to Plaintiff. *See, e.g.*, *Int'l Creative Mgmt., Inc. v. Abate, No.* 07-CV-1979 (PKL), 2007 WL 950092, at *5 (S.D.N.Y. Mar. 28, 2007) (finding client contracts not a trade secret where clients had copies and knowledge of their own contracts).

Next, Plaintiff argues that the screenshotted information is part of a "unique compilation of information which adds value to it and justifies it as a trade secret." Pl. Reply. Br. at 2, ECF No. 52. It is indeed true that "[a] customer list developed by a business through substantial effort and kept in confidence may be treated as a trade secret and protected at the owner's instance against disclosure to a competitor, provided the information it contains is not otherwise readily ascertainable." *Defiance Button Mach. Co. v. C & C Metal Prods. Corp.*, 759 F.2d 1053, 1063 (2d Cir. 1985). However, as discussed previously Plaintiff has failed to allege that the customer information is not "readily ascertainable" as its customers would also know the information contained in the screenshots. Furthermore, while Plaintiff argues this compilation is "unique," it otherwise fails to allege, in either the proposed Second Amended Complaint or in the briefing to this motion any effort required to generate this list, let alone "substantial effort" as is required. *See id.* As such, Plaintiff has failed to show that this information, which was not kept secret at an

individual level, somehow became a trade secret via the act of consolidating the information into a single list.

Lastly, Plaintiff argues that Defendants "have presented no facts to suggest that [Defendant] Ring or the customers themselves actually had or were able to supply any of this information. . . ." Pl. Reply Br. at 2, ECF No. 52. While the burden of demonstrating futility does lie with Defendants, Defendants need not affirmatively present evidence proving that the information screenshotted was not a trade secret. *Debrosse*, 2016 WL 3647589 at \*2. Defendants may, and do, identify deficiencies in Plaintiff's pleading demonstrating that it has failed to allege facts sufficient to plausibly allege the information is a trade secret. *See Iqbal*, 556 U.S. at 678.

Plaintiff also cites to numerous cases within this Circuit but ultimately fails to explain how any of those cases are analogous here.[2] For the sake of completeness, the Court will examine those cases now. Ultimately, each of the cases Plaintiff cites found trade secrets because the plaintiffs in each case demonstrated that the protected information was gathered via substantial effort or kept secret, two elements which, as discussed above, Plaintiff has failed to show.

In *N. Atl. Instruments, Inc. v. Haber*, 188 F.3d 38 (2d Cir. 1999), the court concluded that a general list of companies with which the plaintiff did business was not a trade secret, as that information was publicly available. 188 F.3d at 44-45. However, the plaintiff's list of individual contacts within each company was a protected trade secret because of both the amount of effort in generating a list of employees in need of a niche software product as well as the lengths plaintiff went to in order to protect such information. *Id* at 45. However, Plaintiff in this case has failed to

---

[2] Plaintiff also cites to *Pearl Insurance Group, LLC v. Baker*, No. 18-CV-2353 (JMC), 2018 WL 4103333 (D.S.C. Aug 29, 2018). However, as this case analyzes a trade secret claim under South Carolina law, this Court ultimately finds it unpersuasive. *See Pearl Insurance Group, LLC*, 2018 WL 4103333, at \*4.

8

allege that any serious effort was required to compile the list at issue here and Plaintiff has failed to allege that the list contained any information not readily known to its own customers.

Similarly, the court in *Catalyst Advisors, L.P. v. Catalyst Advisors Invs. Glob. Inc.*, 602 F.Supp.3d 663 (S.D.N.Y. 2022), determined a candidate list to be a trade secret because the plaintiff had "poured hundreds of hours into interviewing candidates and evaluating their fit and eligibility for executive positions, along with understanding their various roles in the scientific industry, in developing the list of highly specialized executives." 602 F.Supp.3d at 674-75. Plaintiff does not even come close to alleging this degree of effort, in fact the proposed Second Amended Complaint is devoid of any allegations regarding the amount of effort required to compile the list at issue here.

Lastly, in *Intertek Testing Services, N.A., Inc v. Pennisi*, 443 F.Supp. 3d 303 (E.D.N.Y. 2020), this Court determined that a client list was likely a trade secret because it contained individual client contact information and most importantly, pricing information that was not known outside of Plaintiff's company. 443 F.Supp. 3d at 341. Pricing information is particularly sensitive because possession of such information could "enable competitors to underprice or underbid plaintiff and divert customers." *Id*. However, Plaintiff here has alleged no such information, and has only alleged information its customers are likely to already know.

Plaintiff has failed to allege sufficient facts to plausibly allege the information screenshotted by Defendant Ring was a trade secret. Furthermore, Plaintiff relies on

9

distinguishable cases in its briefing that are ultimately unpersuasive. Having failed to allege such facts, I respectfully recommend the motion to amend be denied.[3]

## CONCLUSION

For the reasons stated above, I respectfully recommend that Plaintiffs' motion to amend the complaint be DENIED.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Steven Tiscione
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
July 18, 2023

---

[3] Plaintiff's Second Amended Complaint sought only to add claims of misappropriation of trade secrets. Plaintiff's controlling Amended Complaint also alleges breach of contract, breach of the Duty of Care, and tortious interference. The instant motion does not require analysis on the validity of such claims, and this Court makes no judgment to such end in this Report and Recommendation.