UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE HILB GROUP OF NEW YORK, LLC,

                                      Plaintiff,

        -against-

ASSOCIATED AGENCIES, INC.
and GREGORY RING,

                                      Defendants.
------------------------------------------------------------------------X

<u>For Online Publication Only</u>

**ORDER**
22-CV-04131 (JMA) (ST)

**FILED**
**CLERK**

3:05 pm, Sep 27, 2023

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Currently before the Court is the motion of Plaintiff The Hilb Group of New York, LLC to file a second amended complaint adding claims for misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, and New York law.  (ECF No. 46.)  In a report and recommendation ("R&R") issued on July 18, 2023, Magistrate Judge Steven Tiscione recommends that the Court deny Plaintiff's motion because amendment would be futile.  (ECF No. 57.)  Plaintiff subsequently filed objections to the R&R, (ECF No. 66), to which Defendants responded.  (ECF No. 70.)

In reviewing a magistrate judge's report and recommendation, a court must "make a <u>de novo</u> determination of those portions of the report or . . . recommendations to which objection[s] [are] made."  28 U.S.C. § 636(b)(1)(C); <u>see also</u> <u>United States ex rel. Coyne v. Amgen, Inc.</u>, 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), <u>aff'd</u>, 717 F. App'x 26 (2d Cir. 2017). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error.  <u>See</u> <u>Pall Corp. v. Entegris, Inc.</u>, 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

After conducting a de novo review of the full record (including the motion papers, R&R, and objections) and applicable law, the Court respectfully declines to adopt the R&R.  Specifically, the Court concludes that Plaintiff's proposed second amended complaint, (ECF No. 46-1), adequately alleges claims under the DTSA and New York law for misappropriation of trade secrets.  "At a later stage in this case, the Court will demand more specificity into the . . . information included under the rubric of [THG-NY Trade Secrets]."  Catalyst Advisors, L.P. v. Catalyst Advisors Invs. Glob. Inc., 602 F. Supp. 3d 663, 674 (S.D.N.Y. 2022).  But at the pleading stage, the Court finds that Plaintiff has plausibly alleged the existence of a trade secret and Defendants' misappropriation thereof.

Accordingly, Plaintiff's motion to amend is GRANTED.  Plaintiff shall file the second amended complaint by October 4, 2023.

**SO ORDERED.**

Dated:    September 27, 2023
             Central Islip, New York

                                                                    /s/ JMA
                                              _____
                                              JOAN M. AZRACK
                                              UNITED STATES DISTRICT JUDGE

2